# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2589

_____

Thomas Bell,                          *
                                      *
        Appellant,                    *
                                      *   Appeal from the United States
    v.                                *   District Court for the
                                      *   Western District of Arkansas.
Michael J. Astrue, Social Security    *
Administration Commissioner,          *        [UNPUBLISHED]
                                      *
        Appellee.                     *

_____

Submitted:  October 29, 2009
    Filed:   October 30, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Thomas Bell appeals the district court's[1] order affirming the denial of supplemental security income and disability insurance benefits. Bell had alleged in his September 2003 applications that he had been disabled since November 2002 as a result of his total right knee replacement, left shoulder pain, kidney stones, migraine headaches, back problems, and brain dysfunction. Following a hearing, an

_____

[1]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

administrative law judge (ALJ) found that Bell, who was then 44 years old, had the residual functional capacity (RFC) for a wide range of sedentary jobs, including a significant number of jobs identified by a vocational expert (VE), and thus Bell was not disabled through the date of the decision. The Appeals Council denied review, and the district court affirmed. Following our de novo review, see Juszczyk v. Astrue, 542 F.3d 626, 631 (8th Cir. 2008) (noting that an ALJ's opinion is reviewed to determine if it is supported by substantial evidence in the record as a whole), we affirm.

Contrary to Bell's arguments on appeal, the evidence did not support a finding that he had an impairment or combination of impairments of listing-level severity. See Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004) (observing that the burden of proof is on the claimant to establish that his impairment meets or equals all of a listing's specified criteria). In addition, we believe that the ALJ's RFC findings are consistent with the record as a whole and that the ALJ appropriately took into consideration Bell's nonexertional limitations, discounting Bell's credibility to some extent based on appropriate factors. See Dunahoo v. Apfel, 241 F.3d 1033, 1038–39 (8th Cir. 2001) (concluding that an ALJ's credibility determination was supported by substantial evidence where the ALJ recited the appropriate factors and noted inconsistencies in the record such as the lack of physician-ordered functional restrictions). Further, the question the ALJ posed to the VE at the hearing encompassed the limitations that were supported by the record and deemed credible by the ALJ, and the VE's response constitutes substantial evidence supporting the denial of benefits. See Hilkemeyer v. Barnhart, 380 F.3d 441, 447 (8th Cir. 2004) (noting that a VE's testimony constituted substantial evidence in support of the ALJ's determination that the claimant was not disabled).

Accordingly, we affirm.

_____